McKinney, J.,
delivered the opinion of the Court.
The complainants are judgment creditors of the defendant, William C. Haines; and having exhausted their legal remedy, they filed this bill, on the 23d of March, 1857, in the Chancery Court at Cleveland, to set aside an alleged fraudulent' conveyance made by said William C. Haines to his father, Sam’l B. Haines, as trustee, of a stock of goods, owned and possessed by the former, at his store in Cleveland.
The conveyance was made shortly before the filing of the bill, namely, on the 10th of March, 1857.
The deed of trust, upon its face, purports to be for the exclusive benefit of various creditors named therein, to whom the said William C. Haines was indebted. The several debts provided for, are specifically stated in the deed, and it seems that they are mostly evidenced by notes, made by said William C., and indorsed by Samuel B. Haines. The deed provides that if the several enumerated debts to which preference is given in the deed, should not be satisfied by William C. Haines, by the 1st of December, 1857, the trustee, said Sam’l B. Haines, should proceed to sell said stock of goods at public auction, after fifteen days’ notice; and it is further provided that from the time of the execution of said deed of trust, the trustee should proceed to sell such goods at wholesale or retail, for cash, and apply the proceeds, as he received them, to the satisfaction of the several enumerated debts; and, in the event there should be a surplus, it is provided that it shall be applied to the payment of two notes for about seventeen hundred dollars, made by said William C., and indorsed by Sam’l B. Haines, and due to W. T. Dupree, of Philadelphia.
The beneficiaries in said deed of trust are all made defendants to the bill, and most of them have answered.
*334 An amended bill was filed, charging that said William C. and Samuel B. Haines were partners, and joint owners of said goods. This is denied, and is not proved.
The validity of the deed of trust is impeached; first, on the ground that it was a fraudulent contrivance between William C. and Samuel B. Haines, to defraud the complainants ; and, secondly, because Samuel B. Haines, the trustee, had entered upon, and was proceeding in the execution of the trust, without having taken the oath, or giving bond and security, as required by the act of 1855-6, ch. 113, secs. 9, 10. As respects the first ground, it may be observed, that there is no evidence of any such actual or meditated fraud, against the complainants, as would, of itself, under all the circumstances, be sufficient to affect the validity of the deed. The evidence relied on is merely circumstantial. There is, it is true, in the contract of William C. and Samuel B. Haines, a good deal to excite suspicion. Samuel B. Haines was much embarrassed, and regarded as insolvent for a long period before the execution of the deed of trust. His son, William 0., was a young man of very small means, and though he was held out as owner of the establishment, and his father but a clerk or agent, in his employ, we are led to the conclusion, from all the circumstances, that the father was really the owner, and that the ostensible ownership of the son, was a subterfuge to protect the goods from the father’s creditors.
But taking this to be so, we are at a loss to perceive, if there were nothing more in the case, how the conveyances could, upon that ground, be held invalid, as respects the beneficiaries. They are creditors of both the son and father, their debts are just and bona fide; they had no participation in the making of the deed, or in the alleged fraud of the maker and trustee, if fraud exists on their part. Though there may have been, in the general arrangement between the father and son, as to the manner of conducting the business, a fraudulent purpose, as against the creditors of the father, yet this cannot be held to have incorporated itself with, or to affect the security or preference provided by the deed of trust for the beneficiaries. *335 We are by no means prepared to say, that the latter, who are innocent of any participation in the alleged frauds, supposing it were established, should, for that reason, be deprived of the security and preference provided for them in the deed of trust. They, certainly, have equal equity with the complainants; and, therefore, should be allowed to retain the advantage of a security acquired without blame on their part, and of which, in good conscience, they may well claim the benefit.
It matters not in this case, whether the goods belonged, in truth, to the father or son, as both were liable to the beneficiaries. The complainants, as well as the beneficiaries, were all, ostensibly, the creditors of William C. Haines, in whose name the business was conducted. If, however, in view of the law, the goods were the property of the father, this fact would not make the case better for the complainants, nor in any way affect its determination.
The second ground assumed by complainants, is not tenable. The failure of the trustee to comply with the requirements of the act of 1855-6, furnishes a sufficient reason for displacing Mm, and appointing another person in his stead to execute the trust, as provided in sec. 11 of the act. But we are aware of no principle upon which the legal operation and validity of the trust would be impaired for that reason, in the absence of any fraudulent complicity on the part of the beneficiaries, with a view to the prejudice of other creditors of 1he maker of the deed. It is a familiar principle in equity, that a trust shall never fail for want of a trustee, or by reason of his neglect or default. A Court of Equity will, in such cases, protect the interest of the beneficiaries, and execute the trust. The only ground, then, upon which the right of the beneficiaries can be defeated, is one not assumed distinctly in the but which arises upon the proof, and it is this: there is no evidence of an acceptance of the trust, by the beneficiaries, prior to the impounding of the goods, upon the process issued in pursuance of the prayer of complainant’s bill.
It is clear that the creditors for whose benefit a deed of trust may be made, do not, merely by force of the execution *336 of the deed, acquire a lien, or become vested with any absolute right under such deed. It is at their option either to accept or repudiate the trust; to make themselves parties to the assignment made for their benefit, or to refuse to do so. Hence it results, that until after the creditors shall have accepted, by claiming or taking a benefit under such assignment, or, by some distinct act, manifesting an intention to do so, no lien can be held to exist in their favor. It is true, that the trust, being for the benefit of the creditors provided for, their assent to, and acceptance of the trust may be presumed, in general, where the contrary does not appear. But this presumption, alone, will not suffice in a contest as to priority of liens, between the beneficiaries in the deed and other lien creditors. 10 Hum., 371, 376.
If the creditors for whose benefit the deed of trust is made,' be not privy to the conveyance, and the fact of the existence of such conveyance has not been communicated to them, the deed operates merely as a power to the trustee; and it may be revoked by the maker of the deed. See Acton v. Woodgate, 8 Cond. Eng. Ch. Rep., 99; Galt v. Dibrell, 10 Yer., 147, 158.
If, then, before notice of the execution of the deed of trust, to the creditors provided for, and their acceptance of it, the debtor may revoke the conveyance, much more may other creditors, under such circumstances, attach the property; and in this, or in other modes, acquire a vaild lien upon the same.
On this latter ground, the decree of the Chancellor, in this cause, will be affirmed.